

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2014

# USA v. Brent Jenkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"USA v. Brent Jenkins" (2014). *2014 Decisions.* Paper 643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-263                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1172
_____

UNITED STATES OF AMERICA

v.

BRENT JENKINS,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-10-cr-00319-008)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 30, 2014)
_____

OPINION
_____

PER CURIAM

     Brent Jenkins pleaded guilty in this matter to one count of conspiring to distribute

crack cocaine in violation of 21 U.S.C. § 846, and the District Court sentenced him to 60

months of imprisonment to be followed by three years of supervised release.  Jenkins's

conduct also constituted a violation of the terms of supervised release imposed following his prior guilty plea to another controlled substance offense in M.D. Pa. Crim. No. 4-09-cr-00231 (the "2009 proceeding"). In the 2009 proceeding, the District Court held a supervised release revocation hearing and sentenced Jenkins to two years in prison on February 20, 2014. The District Court also specified that its sentence was consecutive to the prison sentence imposed in the instant proceeding. Jenkins has not appealed or otherwise sought relief from that judgment in the 2009 proceeding.

At issue here is a motion that Jones filed in the instant proceeding before the District Court revoked his supervised release in the 2009 proceeding. Jones captioned his motion as one to waive a probation[1] revocation hearing pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. He did not specifically refer to his 2009 proceeding, and the nature of his motion is not entirely clear, but he requested that the District Court waive a supervised release revocation hearing and instead vacate his prior term of supervised release or make his sentence for violating the terms of supervised release concurrent to his current prison sentence. He also complained of delays in the holding of a supervised release revocation hearing and asserted that his supervised release violation acted as a detainer rendering him ineligible for certain prison programs. The District Court read Jones's motion as a challenge to the term of supervised release imposed in the instant proceeding and denied it as premature because Jones is still

---

[1] Jones uses the terms "probation" and "supervised release" interchangeably, but we will use the term "supervised release."

2

serving his prison sentence. Jones appealed and, for the first time in his notice of appeal, specified that his challenge was based on his violation of the terms of the supervised release imposed in his 2009 proceeding. Jones filed his notice of appeal before the District Court revoked his supervised release in the 2009 proceeding, and he has not filed anything in support of his appeal since that development or otherwise.

We will affirm.[2] To the extent that Jones sought relief premised on a supervised release revocation hearing to be held in his 2009 proceeding, his request is moot because the hearing has been conducted. To the extent that Jones addressed his motion to the supervised release imposed in the instant proceeding, his motion states no discernible basis for relief. Jones relies on Rule 32.1(b)(2), but that rule merely permits a defendant to waive a supervised release revocation hearing. Such a hearing was conducted and has concluded in Jones's 2009 proceeding, the results of which Jones has not appealed, and there is no indication that Jones presently faces revocation of the term of supervised release imposed in the instant proceeding. For these reasons, we will affirm the judgment of the District Court.

---

[2] Jones's appeal is timely under the deadline applicable to appeals in civil cases but not the deadline applicable in criminal cases. See Fed. R. App. P. 4(a)(1)(B)(i), 4(b)(1)(A). We need not determine which deadline applies because the deadline applicable in criminal cases is not jurisdictional and the Government has not sought to enforce it. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).